IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM H. STOLLER, an individual and trustee of the William H. Stoller Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-11-294-C |
| ROBERT A. FUNK, an individual and trustee of the Robert A. Funk Trust; and the ROBERT A. FUNK TRUST, | ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff and Defendant Robert A. Funk are equal shareholders of Express Services, Inc. ("ESI"). ESI is a closely-held "S Corporation" organized under the laws of Colorado. As an S Corporation, ESI has only one class of stock and all shareholders must receive equal distributions based on their percentage of ownership. Plaintiff and Funk each own 50% of ESI stock. As a means of tracking the amount of money that either Plaintiff or Funk took out of ESI, a report called a "Shortfall Report" was prepared. That report was used to track all amounts that either Plaintiff or Funk took out of ESI, whether those monies were characterized as loans, distributions, salary, or any other amount. In 2006, Funk decided he wanted to buy a ranch in New Mexico known as the "UU Bar Ranch." Funk financed the purchase of the ranch with an original loan; however, one of the loan terms required that ESI guarantee the loan. As a result of the required guarantee, it was necessary for Plaintiff to consent to the guarantee. In an effort to obtain Plaintiff's consent, Funk entered into a 2006 Agreement in which Funk promised:

>  to use all resources reasonably available to him, taking into account all of his assets and liabilities, to timely perform all duties and pay all amounts owed by him on the Loan and the Loan Documents, so that no payment or performance will be required by ESI under the Guaranty.

2006 Agreement ¶ 2. In his Complaint, Plaintiff alleges that at the time he entered into this promise, Funk knew that he did not have sufficient resources available to him to satisfy his obligations on the ranch loan. Plaintiff alleges that along with this prior knowledge Funk engaged in other acts in breach of the 2006 Agreement and the Shareholders' Agreement. According to Plaintiff, due to various actions by Funk, Funk has obtained more than $170,000,000 more from ESI than has Plaintiff. Plaintiff argues that he has repeatedly attempted to exercise his right to obtain equalizing distributions under the 2006 Agreement and the Shareholders' Agreement but ESI has refused, citing contractual obligations to not pay out more than $15,000,000 a year to each of the shareholders collectively.

In an attempt to obtain some measure of compensation for Funk's alleged wrongdoing, Plaintiff filed the present action, raising four claims for relief. Plaintiff first alleges a breach of contract claim, arguing Funk's actions breached the 2006 Agreement and the Shareholders' Agreement. The second claim raises a claim for breach of contract related to Funk's failure to make every effort to pay the UU Bar Ranch payments. Plaintiff's third claim alleges breach of implied covenant and of good faith and fair dealing, arguing that Funk had an implied duty of good faith and fair dealing and breached those duties by placing his interest above those of Plaintiff. Plaintiff's fourth and final claim for relief raises a claim

of breach of fiduciary duty, wherein Plaintiff argues that Funk owed Plaintiff a fiduciary duty of undivided loyalty, good faith, and full disclosure.

In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). According to Defendants, Plaintiff's Complaint fails to state a claim for relief because the claims made by Plaintiff can only be brought by ESI's Board of Directors. Defendants argue that ESI's Board of Directors has declined Plaintiff's request to bring this litigation and therefore the action is improper. Defendants argue that each of the claims asserted by Plaintiff are derivative claims and therefore can only be brought by the corporation. To this end, Defendants classify Plaintiff's Complaint as claiming that Funk has wrongfully received assets from the three companies the two equally co-own. Defendants' position is that each of the claims raised by Plaintiff is, in fact, a claim which would provide a benefit to the corporation. Based on that position, Defendants then argue that the decision whether to pursue litigation rests solely with the Board of Directors of ESI. Defendants direct the Court to Colorado law which governs this dispute and quotes Adams v. Land Servs., Inc., 194 P.3d 429, 434 (Colo. Ct. App. 2008), citing River Mgmt. Corp. v. Lodge Props., Inc., 829 P.2d 398, 403-04 (Colo. Ct. App. 1991) ("corporate shareholders may not assert individual claims based on wrongs to the corporation where they did not suffer injuries separate and distinct from the injury to the corporation or the other shareholders"). Defendants also direct the Court to Stat-Tech Liquidating Trust v. Fenster, 981 F.Supp. 1325, 1332 (D. Colo. 1997), citing In re Stat-Tech, 47 F.3d 1054, 1059 (10th Cir. 1995) ("Thus, to have standing to pursue a personal action against a director, a

3

shareholder-plaintiff must prove losses different from the loss sustained by the corporation and shareholders generally."). Thus, the Court's first task is to determine whether any of the claims asserted by Plaintiff do, in fact, inure to his benefit or whether they are solely to the benefit of ESI. The Court's task is guided by First Horizon Merchant Services, Inc. v. Wellspring Capital Management, LLC, 166 P.3d 166, 180 (Colo. Ct. App. 2007) ("As between the corporation and those making the direct claim, (1) who suffered the alleged harm and (2) who would receive the benefit of any remedy?"). After review of Plaintiff's Complaint, the Court finds that only one of Plaintiff's causes of action states a claim which would inure to the benefit of Plaintiff rather than ESI.

Plaintiff's first claim for relief asserts a breach of contract of the 2006 Agreement and the Shareholders' Agreement, specifically that Funk has received benefits from ESI far in excess of those received by Plaintiff. In this claim for relief, Plaintiff complains of the amounts of money taken by Funk which he alleges have prevented him from receiving equalizing distributions from ESI. In particular, Plaintiff alleges that Funk has taken out at least $83,905,000 more than Plaintiff has been allowed to take out. In this count, Plaintiff's claims arise solely by virtue of his status as shareholder of ESI and the operative documents relating to that status. To the extent Plaintiff would recover any money under the claims alleged in his first claim for relief, that money would in fact belong to ESI. While some of those proceeds may eventually be redistributed to Plaintiff, the fact that they would in the first instance return to ESI renders this claim a derivative claim. See Stat-Tech, 981 F.Supp at 1332. If Plaintiff prevails on this claim, the proper course would be to return the money

to ESI and then redistribute it 50% to Plaintiff and 50% to Funk. See River Mgmt. Corp., 829 P.2d at 404. Accordingly, Defendants' motion will be granted as to Plaintiff's first claim for relief.

In Plaintiff's second claim for relief, he alleges breach of the 2006 Agreement and Shareholders' Agreement. While claims arising from the Shareholders' Agreement would likely provide benefit only to ESI, the 2006 Agreement was made between Plaintiff and Funk, individually. In that Agreement, Funk promised to use his best efforts to make the necessary loan payments. If Plaintiff is able to prove that Funk failed to honor this Agreement, he would be entitled to recover on a breach of contract claim. The remedy in that instance would then be for Plaintiff, not ESI. While indeed it was ESI which ultimately made the loan payments, Plaintiff maintains a claim against Funk for his failure to honor the Agreement between the two men.

The language of the 2006 Agreement clearly imposes a duty on Funk which, if failed, would cause harm to Plaintiff. Thus, Plaintiff is entitled to recover in the event he is able to prove the breach. Any monies recovered for this breach would not be for the benefit for ESI, as the language of the 2006 Agreement converts the monies received by Funk to loans or other distributions to Funk. Therefore, any monies recovered by Plaintiff would simply balance the distribution between the two men. Consequently, Defendants' Motion to Dismiss will be denied as to Plaintiff's second claim for relief.

Plaintiff's third claim for relief asserts claims of breach of implied covenant of good faith and fair dealing. In particular, Plaintiff alleges Funk breached the implied covenants

5

by placing his interests above those of Plaintiff and refusing to provide Plaintiff with equal benefits and treatments required under the agreements between the two men. As with Plaintiff's first claim for relief, his third centers around the amounts of money that Funk has removed from ESI which Plaintiff alleges are greatly in excess of the amounts he has been able to obtain. For the same reasons set forth in relation to Plaintiff's first claim for relief, the Court finds the third claim seeks to assert claims which are more properly brought by ESI. Because ESI Board of Directors has elected not to pursue the claims, Plaintiff cannot pursue them on his own. Therefore, Defendants' motion will be granted as to Plaintiff's third claim for relief.

In the fourth claim, Plaintiff alleges a breach of fiduciary duty by Funk. According to Plaintiff, as equal shareholders in a closely-held S Corporation, Colorado law imposes on each a fiduciary duty of undivided loyalty, good faith, and full disclosure. Plaintiff argues these duties are enhanced upon Funk because of his position as nominal Chief Executive Officer and Chairman of the Board. In support of this claim, Plaintiff relies on <u>River Mgmt. Corp.</u>, 829 P.2d at 404, and <u>Michaelson v. Michaelson</u>, 939 P.2d 835, 841 (Colo. 1997) (en banc).

After review of the law cited by Plaintiff, the Court finds no unique fiduciary duty or obligation existed under the facts of this case. The cases cited by Plaintiff involved matters where either there was a shareholder who held a majority of the voting stock or an instance where even though there were equal shares one director had clear control of the corporation. The allegations in Plaintiff's Complaint belie such control by Funk. While those allegations

certainly assert that Funk was very active in management of the corporation, it is clear from the actions taken by Funk and Plaintiff and the agreements signed by the parties that each individual had an equal right to dictate the actions of the corporation and that neither could take action without agreement from the other. Accordingly, there was no special heightened fiduciary duty on Funk and Plaintiff's fourth claim for relief will be dismissed.

For the reasons set forth herein, Defendants' Motion to Dismiss (Dkt. No. 12) is GRANTED IN PART and DENIED IN PART. Plaintiff's second claim for relief survives. All other claims are dismissed without prejudice. To the extent Plaintiff believes that any of the claims can properly be revived under the rulings set forth herein, Plaintiff shall file his amended complaint within twenty days of the date of this Order. Plaintiff's Motion for Oral Argument on Defendant's Motion to Dismiss (Dkt. No. 22) is DENIED.

IT IS SO ORDERED this 12th day of July, 2011.

ROBIN J. CAUTHRON
United States District Judge