IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM H. STOLLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-11-294-C |
| ) | |
| ROBERT A. FUNK and the ROBERT A. ) | |
| FUNK TRUST., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Bill Stoller, a 50 percent shareholder of Express Services Inc. ("ESI"), brings this action against Robert Funk, a 50 percent shareholder of ESI, acting President and Chairman, and the Robert Funk Trust for breach of fiduciary duty, breach of the covenant of good faith, and for declaratory relief. Arguing the Complaint fails to state a claim for relief, Defendants[1] filed the present Motion to Dismiss.

ESI was formed in 1983, and Defendant Funk currently serves as President, CEO, and Chairman of the Board, while Stoller is Vice President and Director. The Board of Directors of ESI is currently composed of four members, Funk, Stoller, Fellinger, and Craig. In 2006, Funk decided to buy the UU Bar Ranch. Funk financed the purchase of the ranch with an original loan; however, one of the loan terms required that ESI guarantee the loan. As a result of the required guarantee, it was necessary for Plaintiff to consent to the guarantee.

---

[1] The parties do not differentiate between claims brought against Robert A. Funk from those brought against the Robert A. Funk Trust. Therefore, the Court will refer to both parties as Defendant.

In an effort to obtain Plaintiff's consent, Funk entered into an Agreement with Stoller, the 2006 Agreement[2], in which Funk promised:

> to use all resources reasonably available to him, taking into account all of his assets and liabilities, to timely perform all duties and pay all amounts owed by him on the Loan and the Loan Documents, so that no payment or performance will be required by ESI under the Guaranty.

2006 Agreement ¶ 2 (Am. Cplt., Dkt. No. 31, Ex. 1). The 2006 Agreement was solely between Stoller and Funk and did not involve ESI. The parties later amended the 2006 Agreement with what is now known as the 2007 Shareholders Agreement.[3] Pertinent to this action, Stoller argues Funk has engaged in actions and received payments that are improper under the UU Bar Agreement[4] and the rights under the Shareholders Agreement of 2007. According to Plaintiff, despite Funk's agreement to use his best effort to pay the loan, Funk has yet to make direct payments on the loan, and ESI has made all the payments to this point. Seeking resolution of his concerns and to recover an equal distribution under the terms of the 2006 Agreement, Stoller objected to the ESI Board and made a demand for equal treatment.

---

[2] According to the Amended Complaint, the 2006 Agreement was between Stoller and Funk and required Funk to reduce his personal expenses so that he could make payments on the UU Bar Ranch loan. This portion of the Agreement was memorialized as set forth herein. The 2006 Agreement did not authorize ESI to accept any other obligations Funk would incur and treated any payments made by ESI under the Guaranty as interest-bearing loans from ESI to Funk, unless Stoller exercised his right to force ESI to treat the payments as distributions.

[3] According to the Amended Complaint, the 2007 Agreement arose from the 2006 Agreement and confirmed the understanding between Stoller and Funk that the two were entitled to equal distributions from ESI.

[4] The UU Bar agreement was between Funk and another party and allowed for purchase of the UU Bar Ranch.

The ESI Board hired counsel who investigated the allegations. Unsatisfied with the ESI Board's actions in response to the investigation, Stoller filed this action to recover damages based on what Stoller contends are distributions received by Funk, but not paid to Stoller in breach of their contractual agreements.

In response to the motion to dismiss this Complaint, the Court dismissed all but one of Stoller's claims against Funk on July 12, 2011, without prejudice.[5] Stoller filed an Amended Complaint which raises claims against Funk and the Robert Funk Trust for breach of fiduciary duty (premised on Funk's allegedly clear and total control of ESI), breach of the covenant of good faith, and declaratory relief under the Declaratory Judgment Act. Stoller voluntarily dismissed his claim for breach of the covenant of good faith, but argues he retains his right to appeal the dismissed count from the July 12, 2011, order.

The claims brought by Stoller are brought as a direct action against Funk, and not as a derivative action. Stoller has also filed a separate derivative action which is currently pending before the undersigned.

Funk first challenges Stoller's request for declaratory relief. According to Funk, Stoller's request is improper and should be dismissed. Analysis of the Amended Complaint reveals that Stoller wants the Court to issue an order stating that he is entitled to take equal

---

[5] Specifically, the Court dismissed Stoller's claims: that Funk should be required to return certain of the distributions that Funk allegedly took from ESI; that Funk breached the duty of good faith and fair dealing by withdrawing more from ESI than he was allowed under the parties' agreements; and that Funk breached a fiduciary duty owed to Stoller and ESI by removing money from ESI at a rate that prevented ESI from honoring its obligations to Stoller. The Court found that Stoller's claim for breach of contract against Funk arising from the alleged breach of the 2006 Agreement should survive.

benefits from ESI under the agreements and that ESI was only allowed to guarantee the loan for Funk, but not the further Interest Swap Agreement.[6]

*1. Declaratory Relief*

The Tenth Circuit has set out factors to be considered by the Court to resolve the question of whether the discretion to grant declaratory judgment ought to be exercised. Surefoot LC v. Sure Foot Corp., 531 F.3d 1236, 1248 (10th Cir. 2008). After reviewing those factors measured against the allegations in Stoller's Amended Complaint, the Court finds as follows: to prevail in his quest for declaratory relief, Stoller must prove he is owed, and entitled to receive, equal payments based on the allegations which comprise the direct damages suit. Because 1) the rights of the parties, 2) payments made by ESI, and 3) whether those payments are distributions are all questions of fact that must be resolved in order to grant relief in the direct damages claim and in the declaratory judgment claim, to grant relief on the declaratory judgment claim would be duplicative. Granting declaratory relief would not clarify the legal relations in any way which would not have been already resolved. The Court finds that by allowing Plaintiff's claims to proceed, the rights and obligations sought will ultimately be resolved without the need of declaratory judgment. Thus, this Court declines to entertain these claims for declaratory judgment.

---

[6] According to the Amended Complaint, the Interest Swap Agreement was an agreement between Funk and Rabo Finance, which Stoller argues he did not approve, but which allowed Funk to remove a substantial sum from ESI.

*2. Applicable Law*

At the outset, the Court must determine the applicable law for resolution of the parties' disputes. In undertaking that analysis the Court finds that ESI is organized under the law of Colorado. The parties each rely on Colorado law in their briefs, and appear to agree that the laws of that state govern this dispute. Accordingly, the Court will apply Colorado law in resolving the issues in the case.

*3. Direct vs. Derivative*

The dispositive issue in resolving the Motion to Dismiss is whether Stoller's claims are direct, i.e., that he is entitled to recover money directly, or derivative, i.e., that any money recovered must first go to ESI and then flow through ESI to Stoller, other creditors of ESI, or simply retained by ESI. Because this matter is at the pleading stage, the Court must first consider what must be pleaded to bring a direct claim and what burdens of proof and/or persuasion apply.

Under Colorado law, a plaintiff making a direct claim must only plead damages which arise as a result of corporate mismanagement, and the party seeking to show that damages are not direct, and therefore that the claim is actually derivative, will have the burden of proof of establishing that damages are not separate and distinct from any harm that occurred to the corporation. In re Stat-Tech Int'l Corp., 47 F.3d 1054, 1059 (10th Cir. 1995) (Colorado is a notice pleading state; there is no requirement that the plaintiff plead his damages with specificity). Damages are separate and distinct when they are not shared by the corporation or other shareholders generally. Nicholson v. Ash, 800 P.2d 1352, 1357

(Colo. Ct. App. 1990). It is not necessary that the harm be distinct from the derivative suit, but merely distinct from other shareholders. Id. Further, the harm complained of must arise from the plaintiff's status as a shareholder and not from some other capacity he may occupy. Combs v. PriceWaterhouse Coopers LLP, 382 F.3d 1196, 1200 (10th Cir. 2004).

Here, the harm alleged by Stoller deals specifically with monies allegedly improperly taken from ESI by Funk. Stoller classifies these monies received by Funk as distributions. Under the 2006 Agreement and the 2007 Shareholders Agreement, Stoller alleges that he was to receive the same monies as were distributed to Funk. Thus, the distributions, if they are in fact distributions, would not be harm to the corporation as it is the right of a corporation to make distributions to its shareholders. See Colo. Rev. Stat. § 7-106-401(1)-(7). Thus, Stoller's allegations – that Funk has received money, as a distribution, and that Stoller has not received a like sum – are sufficient to show that Stoller's damages are separate from those of ESI at this stage of the proceedings. Because the distributions would be harm that is separate and distinct from other shareholders generally, since Funk has received his distribution, Stoller has pleaded a claim that is distinct and therefore a valid direct claim.

*4. Breach of Implied Covenant of Good Faith and Fair Dealing*

    *A. Equal Benefits*

Stoller concedes that in light of the Court's reasoning and analysis in the July 12, 2011, Order that this claim should be dismissed, but retains his right to challenge the Court's decision on appeal. Accordingly, Funk's Motion will be granted on this issue.

*B. UU Bar Ranch Payments*

Stoller asserts that Funk breached a duty of good faith and fair dealing in failing to use his best efforts to make payments on the UU Bar Ranch.[7] Funk argues this claim, and the breach of contract claim, should be dismissed as any monies that Stoller recovers under this claim must necessarily be returned to ESI and not Stoller.

Initially, the Court notes that Funk has failed to offer any fact or argument that was not previously considered and rejected related to the breach of contract claim. That issue will not be considered further at this stage. As for the breach of duty claim, the reasoning and analysis applied to the breach of contract claim is equally applicable, and the Court adopts that reasoning as if fully set out here.

5. *Breach of Fiduciary Duty*

Stoller alleges that Funk breached a fiduciary duty owed to him. Stoller bases this claim on his allegation that Funk has established sole and complete control of ESI, and that breach of this fiduciary duty has caused Stoller individual harm. At this stage of the proceedings, the Court finds that Stoller has pleaded facts which, if proven, would establish that Funk has sufficient control over ESI to give rise to a breach of fiduciary duty. According to the Amended Complaint, over time Funk has used the terms of the Voting Agreement to erode Stoller's rights as an equal shareholder. Under the terms of that Agreement, if the two shareholders disagreed, the matter would be decided by the directors.

---

[7] Stoller's claim for breach of contract related to the UU Bar Ranch payments survived the earlier Motion to Dismiss and remains pending.

Stoller alleges that Funk has offered incentives such as monetary payments to the other directors to ensure their agreement with Funk's proposals.  If Stoller can prove these facts, under the applicable law he would establish the right to pursue a breach of fiduciary duty claim.  See Michaelson v. Michaelson, 939 P.2d 835, 836, 841-42 (Colo. 1997) (en banc).  Funk's Motion to Dismiss will be denied on this issue.

## CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 37, 38) is GRANTED in part and DENIED in part.  The motion is  granted with respect to the Plaintiff's claim for declaratory judgment and that claim is dismissed with prejudice.  A separate judgment will issue at the close of these proceedings.

IT IS SO ORDERED this 13th day of January, 2012.

ROBIN J. CAUTHRON
United States District Judge