IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM H. STOLLER, an, individual and trustee of the William H. Stoller Trust, for himself and derivatively on behalf of Express Services, Inc., a nominal defendant, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-11-294-C |
| ROBERT A. FUNK and the ROBERT A. FUNK TRUST, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of counterclaims raised by Defendants Robert A. Funk and the Robert A. Funk Trust. Defendants assert counterclaims for abuse of process, arguing that Plaintiff was not justified in filing the present action. Arguing that Defendants have failed to state a claim for relief under Oklahoma law, Plaintiff seeks dismissal of the abuse of process counterclaims because the allegations are based on actions occurring before the present action was filed. Plaintiff argues that because Oklahoma jurisprudence states an abuse of process claim must be based on actions occurring within the lawsuit itself, Defendants' counterclaims fail to state a claim and are subject to dismissal pursuant to Rule 12(b)(6).

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) has undergone some adjustment in the last five years. Beginning with the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and

the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court made clear that to survive a motion to dismiss a complaint must contain enough allegations of fact which taken as true "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  That is, a plaintiff must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss.  Id.  Here, the resolution of the Motion to Dismiss hinges more on a question of law than the adequacy of the facts pleaded.

The Oklahoma Supreme Court has set out the elements which must be established to state a claim for abuse of process.  These elements are:  "(1) the improper use of the court process (2) *primarily* for an ulterior improper purpose (3) with resulting damage to the plaintiff asserting the misuse."  Greenberg v. Wolfberg, 1994 OK 147, ¶ 22, 890 P.2d 895, 905 (footnotes omitted).  The Oklahoma court further clarified the nature of the tort, stating "that malicious prosecution be distinguished from abuse of process–the former lies for the malicious *initiation* of process and the latter for a *perversion* of the process *after* it is issued." Id. at ¶ 25, 906.

After review of the allegations set forth in the counterclaims and the arguments raised in response to the motion, it is clear that for each assertion of fact in the counterclaims Defendants are relying on actions that Plaintiff took prior to filing the lawsuit.  None of the actions assert or argue that after this lawsuit was initiated that Plaintiff undertook wrongful acts.  Defendants argue that by using the lawsuit for an improper purpose–that is, to gain advantages that Plaintiff could not gain within the scope of the lawsuit–he has improperly used the process and therefore the tort should lie.

Defendants' argument overlooks the clear distinction between abuse of process and malicious prosecution identified by the Oklahoma Supreme Court. As noted above, in <u>Greenberg</u>, the court clearly identified that a lawsuit or action that was wrongfully brought would give rise to a malicious prosecution claim. It is only where wrongful acts are taken within the course of an active or ongoing lawsuit that abuse of process can lie. As the court notes in <u>Greenberg</u>, for a malicious prosecution claim to prevail, the party asserting that claim must have the action terminated in their favor. <u>Greenberg</u>, ¶ 14, 901-902. Thus, Defendants' counterclaims cannot be construed as malicious prosecution claims and as abuse of process claims they fail to state a claim for relief.

For the reasons set forth herein, Plaintiff's motion to dismiss (Dkt. No. 62) is GRANTED and the counterclaims are dismissed without prejudice.

IT IS SO ORDERED this 30th day of May, 2012.

ROBIN J. CAUTHRON
United States District Judge