IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM H. STOLLER, an individual and trustee of the William H. Stoller Trust,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>ROBERT A. FUNK, and individual and trustee of the Robert A. Funk Trust, and the ROBERT A. FUNK TRUST,   )<br>)<br>)<br>)<br>Defendants.   ) | Case Number CIV-11-294-C |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Bill Stoller, a 50-percent shareholder of Express Services Inc. ("ESI"); brings this action against Robert Funk, a 50-percent shareholder of ESI, acting President and Chairman; and the Robert A. Funk Trust.

ESI was formed in 1983, and Defendant Funk currently serves as President, CEO, and Chairman of the Board, while Stoller is Vice President and Director. The Board of Directors of ESI is currently composed of four members – Funk, Stoller, Fellinger, and Craig. In 2006, Funk decided to buy the UU Bar Ranch. Funk financed the purchase of the ranch with an original loan; however, one of the loan terms required that ESI guarantee the loan. As a result of the required guarantee, it was necessary for Plaintiff to consent to the guarantee. In an effort to obtain Plaintiff's consent, Funk entered into an Agreement with Stoller, the 2006 Agreement, in which Funk promised:

> to use all resources reasonably available to him, taking into account all of his assets and liabilities, to timely perform all duties and pay all amounts owed by

>him on the Loan and the Loan Documents, so that no payment or performance will be required by ESI under the Guaranty.

2006 Agreement ¶ 2 (Dkt. No. 79, Ex. 6).  The 2006 Agreement was solely between Stoller and Funk and did not involve ESI.  The parties later amended the 2006 Agreement with what is now known as the 2007 Shareholders' Agreement.  Plaintiff argues that despite Funk's agreement to use his best effort to pay the loan, Funk has yet to make direct payments on the loan, and ESI has made all the payments to this point.  Seeking resolution of his concerns and to recover an equal distribution under the terms of the 2006 Agreement, Stoller objected to the ESI Board and made a demand for equal treatment.  Unsatisfied with the ESI Board's actions in response to the investigation, Stoller filed this action to recover damages based on what Stoller contends are distributions received by Funk, but not paid to Stoller in breach of their contractual agreements.

Plaintiff filed the present motion arguing the undisputed facts establish that he is entitled to judgment in his favor on the issues of Funk's liability for breach of the 2006 Agreement.  Plaintiff requests two specific forms of relief.  "[P]artial summary judgment holding that: (1) Funk has breached the 2006 Agreement by failing to pay any portion of the UU Bar Loan payments and causing ESI to make all those payments on his behalf and (2) Stoller is entitled to receive contemporaneous equalizing distributions from ESI." (Dkt. No. 79, pp. 16-17).

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Finally, where, as, here the party seeking summary

judgment will also bear the burden of proof at trial, the moving party must present evidence sufficient to support judgment in its favor.  United States v. Dibble, 429 F.2d 598 (9th Cir. 1970).

## **DISCUSSION**

In arguing that he is entitled to judgment, Stoller requests the Court to interpret certain contractual provisions in the 2006 Agreement and determine that Funk has breached his duty under the 2006 Agreement to use "all means reasonably available to him" to make the UU Bar payments.  The relevant portion of the 2006 Agreement is set forth in ¶ 2:

> Bob agrees to use all resources reasonably available to him, taking into account all of his assets and liabilities, to timely perform all duties and pay all amounts owed by him on the Loan and the Loan Documents, so that no payment or performance will be required by ESI under the Guaranty.

Plaintiff argues that despite this clear contractual obligation, the facts demonstrate that ESI has made all payments on the UU Bar loan and that Funk has never made any full or partial payment.  Plaintiff argues that the undisputed facts further show that during the time periods that ESI was making payments on the loan, Funk's income taxes reveal a net income of over $36 million; that he held cash and marketable securities in amounts ranging from $1.4 million to $3.8 million; and that he expended approximately $5.7 million during the five-year period on charitable contributions.  Plaintiff argues that while additional discovery may be necessary to determine whether Funk had sufficient resources available to have made all the UU Bar loan payments, at a minimum partial summary judgment should be entered finding that Funk breached the Agreement, leaving the question of the amount of damages for a later

date. In support of his arguments, Plaintiff points to income tax returns and other documents demonstrating the amount of charitable contributions made by Funk, as well as the fact that Funk purchased hotels in Destin, Florida, and New Mexico.

In response, Defendant Funk argues that the documents relied on by Plaintiff are not conclusive as to his financial resources. Defendant Funk notes that the income tax records are misleading, as they do not reflect the actual income to him, but rather the income received by ESI which is a Subchapter S corporation. According to Funk, ESI issues a K-1 to both Funk and Stoller reflecting what earnings are being charged to them for tax purposes, even though neither individual may have ever received those funds. That is, all income of ESI, regardless of whether or not it results in funds or cash being distributed to shareholders, is attributed to its shareholders for income tax purposes. Thus, Funk argues, the mere filing of an income tax return is not evidence of the resources available to him to make payments on the UU Bar loan.

As the parties recognize, the Agreement requires Funk to use "all resources reasonably available to him, taking into account all of his assets and liabilities." Thus, in determining Funk's obligations under the contract, a determination must be made as to what resources were reasonably available to Funk. As Funk notes, questions of reasonableness are necessarily questions of relation and degree. Sugar Inst., Inc. v. United States, 297 U.S. 553, 600 (1936). In virtually every instance, what is reasonable is a question of fact to be resolved by a trier of fact. See Cousin v. Trans Union Corp., 246 F.3d 359, 368 (5th Cir. 2001). While Stoller has certainly raised questions about whether or not Funk had resources

available to make payments on the UU Bar loan, whether or not those funds were "reasonably available," considering all of his assets and liabilities, is a question that can only be resolved by the trier of fact. Certainly, at this stage Plaintiff has not come forward with evidence which would conclusively establish that Funk had assets reasonably available to him to make payments on the loan. Indeed, as Stoller's own counsel admitted in the discovery process, financial statements and tax returns produced by Funk provide only a snapshot and summary of information. Thus, those documents are insufficient to conclusively establish that Funk had resources available to him. To the extent Stoller points to Funk's purchases of other property and/or charitable contributions, again Funk's response demonstrates questions of fact exist regarding those transactions. According to Funk, the Destin, Florida, property was purchased well before the obligations under the 2006 Agreement arose. The hotel was purchased by financing 100% of the purchase price. The charitable contributions are insufficient to demonstrate that Funk failed to use all resources reasonably available to him, as Funk demonstrates that his obligations for those charitable contributions predated the 2006 Agreement. Therefore, a reasonable jury could determine that those funds were previously allocated and not reasonably available to Funk. Consequently, Stoller is not entitled to summary judgment.

In his reply, Stoller changes tactics slightly and argues that, at a minimum, the Court should interpret the contract and determine that it is not ambiguous. The Court finds Plaintiff's request premature, as it is unnecessary to interpret the contract in order to decide

that Plaintiff has failed to demonstrate an absence of dispute regarding the resources reasonably available to Funk.

Plaintiff's second argument requests the Court to determine that the 2006 Agreement and Funk's actions entitle Stoller to receive contemporaneous equalizing distributions from ESI. According to Stoller, under the 2006 Agreement, once ESI made a payment on the UU Bar loan, Stoller was entitled to require ESI to treat the UU Bar payments as distributions and thereby receive an equalizing distribution. Plaintiff recognizes that any rights under this Agreement are also subject to loan agreements or covenants to which ESI is subject. However, Plaintiff argues that under § 3.6 of the 2007 Shareholders' Agreement, he is entitled to a distribution in an amount based on the number of shares and that the 2007 Shareholders' Agreement is not subject to ESI's loan covenants. Thus, Plaintiff argues the Court should determine that he has exercised his right to have the loan payments treated as distributions and order equalizing payments. Plaintiff asserts that the only reason equalizing payments have not been made is a refusal by Funk to allow ESI to make them. On this basis Plaintiff argues that his claim is for breach of fiduciary duty by Funk.

Defendant argues that the Court has dismissed Plaintiff's claims in its July 12, 2011, Order granting Defendant's Motion to Dismiss. According to Defendant, in that Order the Court noted that, to the extent Plaintiff brings claims arising from the 2007 Shareholders' Agreement, those claims were derivative and could only be brought by ESI and not by Stoller. In his reply, Stoller argues that the Court's Order denying the Motion to Dismiss the First Amended Complaint recognized that Stoller's failure to receive a contemporaneous

7

equal distribution is a harm that is separate and distinct from the other shareholders. Since Funk has received his distribution, a claim for breach of fiduciary duty could be brought.

Consistent with its prior rulings on these claims, the Court finds Plaintiff is not entitled to summary judgment. To the extent Plaintiff seeks equalizing distributions, that claim must be brought against ESI as it is the entity that would make any distributions. ESI is not a defendant in this case and therefore no ruling can be entered against it. To the extent Plaintiff argues that Funk has interfered and prevented ESI from making payments and thereby breached his fiduciary duty to Stoller, his claim must fail as inadequately developed. Simply put, Plaintiff has failed to identify any legal authority to support a breach of fiduciary duty claim and additionally has failed to demonstrate that factually he is entitled to judgment on that claim. By Plaintiff's own statements in his brief, the decision to deny equalizing distributions was made by the ESI Board, a body that consists of members other than Funk. Thus, Plaintiff has not demonstrated that as a matter of law he is entitled to judgment against Funk for breach of fiduciary duty.

For the reasons set forth herein, the Court finds questions of fact remain regarding the issues raised by Plaintiff's Motion for Partial Summary Judgment. Accordingly, Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 79) is DENIED.

IT IS SO ORDERED this 7th day of March, 2013.

ROBIN J. CAUTHRON
United States District Judge